*Northern District*

No. 4428

## MARY A. KING

v.

## JAMES J. JAMESON

(July 29, 1954)

*Brooks, J.* This is an action in contract and tort brought in the Third District Court of Eastern Middlesex. Plaintiff sues for damages arising out of alleged negligence on the part of defendant, a doctor, in the course of his professional treatment of plaintiff.

The case was tried twice. The first finding,—for plaintiff, was ordered vacated by the Appellate Division. The second finding,—for defendant, is now before us on appeal by plaintiff.

Following the finding for defendant, plaintiff duly requested a report and the report was established on September 17, 1951. On February 6, 1952, the report was dismissed by this court. On February 7, the office of the clerk of the Third District Court sent to plaintiff by ordinary mail the following notice:

> "Ordered by the Appellate Division that the following entry may be made on the docket. Report dismissed (opinion on file). Notice mailed parties."

On February 18, 1952, plaintiff filed an appeal to the Supreme Judicial Court. On March 11, 1952, defendant filed a motion in the Third District Court of Eastern Middlesex to dismiss plaintiff's appeal. In January, 1953, defendant marked for hearing by the district court a motion to dismiss the appeal. The hearing was continued to February 16, 1953, at which time defendant offered the docket entries in evidence. Both parties were then requested to furnish written arguments within ten days.

Presumably, within ten days, plaintiff submitted written argument stating, among other things, the following:

> "On February 14, 1952, counsel for the plaintiff received notice (dated February 7, 1952) that the report was dismissed."

Plaintiff did not contend that the notice in question was not mailed as it purported to be, on February 7, 1952. He did not contend that it was not received in his office in the usual course of the mail. He offered no explanation for the disparity between the date when he said "received notice" and the date in which the notice would have been received in the ordinary course of the mails at his place of business. He offered no evidence or made no contention of excusable absence from his office. (Report, p. 2. and 3.)

The justice of the Third District Court of Eastern Middlesex [Dever, J.] made the following finding:

> "I find that the notice of order of the Appellate Division of February 6, 1952, was sent out on February 7, 1952, and was received at the plaintiff's attorney's place of business in the ordinary course of the mails. I ruled that under the circumstances and the foregoing finding of fact that he has failed to comply with G. L., c. 231 §109, which provides among other things that 'claims of appeal shall be filed in the office of the clerk of the district court within five days after notice of the decision of the Appellate Division.' I further rule, therefore, that the defendant was entitled to have

a motion to dismiss the plaintiff's appeal allowed as a matter of law and so ordered on March 2, 1953."

The primary question before this court is whether the motion to dismiss plaintiff's appeal filed in the Third District Court could be properly acted upon by a justice of that court or whether it should have been acted upon by the Appellate Division. In either case this court has also eventually to decide whether the appeal should be dismissed.

G. L., c. 231, § 109, is as follows:

"An appeal to the supreme judicial court shall lie from the final decision of the appellate division of any district court. Appeals taken hereunder from the appellate division of the municipal court of the city of Boston shall be heard by the supreme judicial court for the commonwealth, and such appeals from the appellate division of any other district court shall be heard at the same sittings as other questions of law arising in the county in which the judicial district of such district court lies. Claims of appeal shall be filed in the office of the clerk of the district court within five days after notice of the decision of the appellate division. The appeal shall not remove the cause, but only the question or questions to be determined. The completion of such appeal shall be in accordance with section one hundred and thirty-five. The expense of the preparation of the necessary papers and copies of papers and their transmission, and the entry fee in the supreme judicial court, shall be taxed in the bill of costs of the prevailing party, if he has paid it. Section twenty-five of chapter two hundred and sixty-one shall apply to such appealed cases. If the appellant fails duly to perfect the appeal or to enter the same in the supreme judicial court, the appellate division may upon application of an adverse party, and after notice to all persons interested, order the appeal vacated and the decision appealed from affirmed."

There is no language in the section specifically applying to the facts before us. However, there is little difference between a situation where the appellee

wishes to have an appeal vacated because it has not been perfected and a situation where the appellee moves to dismiss an appeal because it has not been filed on time. If the Appellate Division can act on a motion to vacate an unperfected appeal, it surely should act on a motion to dismiss or vacate an imperfect appeal.

Furthermore, apart from the statute, this procedure would seem to be proper. While the Appellate Division is a part of the district court system, it is, nevertheless, a court review. The question here for decision involves the validity of an appeal from the Appellate Division to the Supreme Judicial Court. It hardly seems appropriate for such a matter to be disposed of by a tribunal, which is for purposes of appeal inferior to the Appellate Division. The matter should be disposed of by one of the two courts immediately involved, not by a court which is not involved, namely the trial court. It follows that the action taken by the district court allowing the motion to dismiss the appeal was inoperative and should be vacated without prejudice.

Raymond P. Barrett, for the plaintiff.
Warren G. Ferrin, for the defendant.